[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On May 5, 1999, Maurice Marksberry, the owner of a home located at 1626 Burgoyne Street, received a phone call that his home security system had sounded an alarm. The police were called to respond to the alarm signal. Officer George Pille was the first officer to arrive at the Marksberry residence. Officer Pille observed the defendant-appellant, Darryl Love, near the residence, and he briefly stopped Love. After talking with Love, Officer Pille proceeded to the rear of the house, where he observed that the basement window was broken. When Officer Pille returned to the front of the house, he saw Love running away. Believing that this activity was suspicious, Officer Pille requested assistance in apprehending Love for questioning. After surveying the house, Officer Pille also noted that the back door was ajar.
Another officer responding nearby stopped Love and brought him back to the Marksberry residence. Identification information was obtained from Love, and he was then allowed to leave. Later, it was discovered that Love's fingerprints were on the broken windowpane.
Love was indicted and subsequently found guilty by a jury of burglary, a violation of R.C. 2911.12(A)(2). In his sole assignment of error, Love now asserts that the trial court erred in entering a judgment that was against the manifest weight of the evidence. Because Love also challenges the sufficiency of the evidence in his assignment, we address that issue as well.
A claim of insufficient evidence is based on the argument that, with the evidence viewed in the light most favorable to the prosecution, there is a failure of proof on at least one element of the offense beyond a reasonable doubt.[1] On the other hand, in reviewing a manifest-weight issue, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and decide whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
The weight to be given the evidence and the credibility of the witnesses, however, are primarily for the trier of fact.[3]
To prove the elements of burglary in this case, the state had the burden to prove that Love had purposefully trespassed with force, stealth, or deception in an occupied structure that was a permanent or temporary habitation while any person was present or likely to be present.[4] We conclude that there was sufficient evidence adduced at trial to support the jury's guilty verdict. The prosecution was based largely on circumstantial evidence. That evidence established that the security alarm could only have sounded if someone was inside the house. Further, an officer testified that he had seen Love near the house while the alarm was activated and that he had observed that the backdoor was ajar. A criminalist testified that Love's fingerprints had been found on a broken rear window. Finally, Marksberry testified that the burglarized home was his permanent residence and that he, his wife, or one of his children was likely to have been at home during the middle of the day. Although no one was actually at home when the house was burglarized, the jury could have reasonably inferred that one of the members of the family was likely to have been present when the burglary occurred.[5] Under these circumstances, there was sufficient proof of each element of burglary, and we cannot say that the jury lost its way in finding Love guilty, or that the jury improperly weighed the evidence. Accordingly, we overrule Love's assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Thompkins, supra, at 387, 678 N.E.2d at 546-547.
[3] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[4] See R.C. 2911.12(A)(2).
[5] State v. Cravens (June 25, 1999), Hamilton App. No. C-980526, unreported.